**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| ISAAC MORRIS, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CASE NO.: 1:13-cv-21 (WLS) |
| | : |
| Warden CEDRIC TAYLOR *et al*, | : |
| | : |
| Defendants. | : |
| | : |

**ORDER**

Before the Court is Plaintiff Isaac Morris' "Motion to Alter or Amend the Judgment Pursuant to Federal Rules of Civil Procedure Rule 59(e)." (Doc. 14.) Although Morris' motion is somewhat unclear, he apparently requests that the Court revisit its rulings adopting the magistrate judge's denial of his motion to amend pleadings, his motion to appoint counsel, and his motion for a temporary restraining order. In the mix of things, Morris throws in various arguments about allegedly being denied access to a law library.

The Court construes Morris' motion as a motion for reconsideration. This Court grants motions for reconsideration in three circumstances: (1) when the movant demonstrates that there has been an intervening change in the law; (2) new evidence has been discovered that was not previously available to the parties through the exercise of due diligence; or (3) the Court has made a clear error of law. *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222–23 (M.D. Ga. 1997). Because Morris has not identified an intervening change in the law or new evidence, the only plausible basis for his motion is that the Court made a clear error of law. But the Court did not make a clear error of law.

1

First, this Court and the magistrate judge correctly denied Morris' Motion for Leave to Amend Complaint. In the Order and Recommendation (Doc. 10), the magistrate judge ordered Morris to recast his complaint and "to include in his recast complaint all claims he wishes to raise against the [Autry State Prison] Defendants and, if applicable, GDOC Commissioner Brian Owens." Morris' motion to amend sought to amend his *original* complaint to include additional claims and Defendant Owens. As the Court previously held, Morris' recast complaint superseded the original complaint—in other words, displaced it—so there was nothing to amend. *See Pintado v. Miami-Dade Housing Auth.*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'" (citation omitted)). His motion was therefore moot because the requested relief had no effect on the case. Additionally, as a practical matter, the magistrate judge effectively granted the motion to amend by allowing Morris to include Commissioner Owens and all other claims he wished to bring.

Second, as to the motions to appoint counsel, there is no constitutional right to the appointment of counsel in civil cases. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (citing *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). The decision to appoint counsel in a civil case is justified only in exceptional circumstances, and the district court has broad discretion in making that decision. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999) (citations omitted). Morris's legal claims—violations of the Eighth Amendment and the ADA—are relatively straightforward and Morris is obviously well acquainted with the facts supporting his claims. These circumstances do not warrant the appointment of counsel. *See id.* (noting, where plaintiff brought Eighth Amendment

2

claim and core facts were not in dispute, that district court did not abuse its discretion in denying motion to appoint counsel).

Finally, because Morris arguably did not even state a claim for relief in his first complaint, he did not show there was a substantial likelihood of success on the merits of his case. Thus, the Court did not err in denying his motion for a temporary restraining order. *See Parker v. State Bd. of Pardons & Parole*, 275 F.3d 1032, 1034–35 (11th Cir. 2011) (requiring the movant to demonstrate a substantial likelihood of success on the merits.)

To the extent Morris seeks to raise an access-to-the-courts claim for the allegedly unconstitutional denial of a law library, he was welcome to assert that claim in his recast complaint. Alternatively, Morris is free to move for leave to amend to include that claim. But because Morris did not show actual injury arising from the denial of a law library in his previous filings, he could not use that allegation as a backdoor to the appointment of counsel. *See Wilson v. Blankenship*, 163 F.3d 1284, 1290–91 (11th Cir. 1998); *Bass*, 170 F.3d at 1320 n.13 (noting that plaintiff, in conjunction with his motion to appoint counsel, argued the prison restricted access to legal materials, which was "in essence an access to courts claim, for which the plaintiffs must show 'actual injury'").

For those reasons, Morris' motion is **DENIED.**

**SO ORDERED**, this   29th   day of August 2013.

                                            /s/ W. Louis Sands
                                       **THE HONORABLE W. LOUIS SANDS,**
                                       **UNITED STATES DISTRICT COURT**